UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAMERON JOHN ALLEN BROWN,

               Plaintiff,

v.

REEVES, et al,

               Defendants.

_____/

Case No.: 2:26-cv-11189
Honorable Susan K. DeClercq
United States District Judge

**OPINION AND ORDER DISMISSING THE COMPLAINT WITHOUT PREJUDICE**

Plaintiff Cameron John Allen Brown is a Michigan Department of Corrections' inmate. On March 30, 2026, Brown filed a *pro se* civil-rights action under 42 U.S.C. § 1983 alleging that Defendants Correction Officers Reeves, Richey, and Kemp used excessive force against him and deprived him of his property while he was incarcerated at the Saginaw Correctional Facility (SCF) in Freeland, Michigan.[1] He also brings this action against Defendants Grievance Coordinator Flaugher and Warden Adam Douglas for failure to investigate his grievances against the Correction Officers. Because Brown fails to state a claim, the Court dismisses the complaint under 28 U.S.C. § 1915(e)(2).

---

[1] Brown originally filed his complaint in the United States District Court for the Western District of Michigan. ECF No. 1. Brown's case was then transferred to this Court. ECF No. 2.

## I.  BACKGROUND

Brown alleges that, on September 14, 2024, Defendants Richey and Reeves used excessive force while removing him from his cell at SCF. ECF No. 1 at PageID.3. Specifically, Brown claims that Defendant Reeves tightened his handcuffs "to the extreme," bent his wrist upward "as hard as he could," and threatened to assault him. *Id.* Brown further alleges that Defendant Kemp arrived soon after, immediately noticed that one of the handcuffs was excessively tight, and loosened it before Brown was escorted to segregation. *Id.* About an hour later, after being strip-searched and drug tested, Brown returned to his cell. *Id.* There, he found some of his belongings scattered on the floor and apparently soaked while the rest were missing. *Id.* Brown also alleges that Defendants Flaugher and Douglas denied the grievances he filed about these events without investigating. *Id.*

## II. LEGAL STANDARD

Under § 1915(e)(2)(B), the Court must screen suits where the plaintiff is proceeding *in forma pauperis* and dismiss the action if it fails to state a claim, is frivolous, or seeks monetary relief from immune defendants. *In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint "does not require 'detailed

factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555).

## III. ANALYSIS

Brown brings his action under § 1983 for excessive force, missing property, and failure to investigate. To state a civil-rights claim under § 1983 a plaintiff must allege that (1) he or she was deprived of a right, privilege, or immunity secured by the federal Constitution or laws of the United States; and (2) the deprivation was caused by a person acting under color of state law. *See Small v. Brock*, 963 F.3d 539, 541 (6th Cir. 2020). Brown fails to state a claim under any theory.

### A. Excessive Force

Brown's excessive force claim fails because his allegations describe only *de minimis* force and a prison official's harassing or degrading language does not violate the Eighth Amendment.

The Eighth Amendment prohibits cruel and unusual punishments of those convicted of crimes. *Wilson v. Seiter*, 501 U.S. 294, 296-97 (1991). An Eighth Amendment claim has a subjective and an objective component. *Griffin v. Hardrick,* 604 F.3d 949, 953 (6th Cir. 2010).  In the context of an Eighth Amendment excessive force claim, the subjective component concerns "whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically for the very purpose of causing harm." *Hudson v. McMillian*, 503 U.S. 1, 6 (1992)

3

(citation omitted). The objective component asks whether the conduct, in context, is sufficiently serious to offend "contemporary standards of decency." *Id.* at 8. An Eighth Amendment claim need not involve a "significant injury," but it must involve more than *de minimis* force unless the force used is "of a sort 'repugnant to the conscience of mankind.'" *Id.* at 9-10 (quoting *Whitley v. Albers*, 475 U.S. 312, 327 (1986)).

Brown alleges that Reeves and Richey handcuffed him too tightly and that Reeves bent his wrist upward, causing him pain. ECF No. 1 at PageID.3. He does not allege any lasting injury. *Id.* Nor do his allegations support an inference that any Defendant acted maliciously or sadistically to cause him harm. The discomfort was brief: Defendant Kemp loosened the handcuffs before Brown was escorted to segregation. The force Brown describes is not "repugnant to the conscience of mankind." *Whitley*, 475 U.S. at 327. On similar facts, courts have found that such allegations describe only *de minimis* force and fail to state an Eighth Amendment claim. *See Johnson v. Sootsman*, 79 F.4th 608, 617 (6th Cir. 2023) (noting that the Sixth Circuit has previously treated overly tight handcuffs as *de minimis* force). These allegations therefore fail to state an Eighth Amendment excessive force claim. *See Jackson v. Schaff*, No. 2:17-cv-10492, 2017 U.S. Dist. LEXIS 52653, at *6 (E.D. Mich. Apr. 6, 2017) (Roberts, J.) (dismissing an excessive-force claim on screening where an officer lifted the plaintiff's cuffed arms behind her back).

4

Likewise, Brown's claim that Reeves threatened to assault him fails to state a claim. Verbal harassment and threats, without more, do not violate the Eighth Amendment. *See Johnson v. Dellatifa*, 357 F.3d 539, 546 (6th Cir. 2004). Accordingly, Brown fails to state an Eighth Amendment claim arising from verbal abuse. *See Benning v. Unknown Morse*, No. 2:25-cv-13898, 2026 U.S. Dist. LEXIS 114345, at *5 (E.D. Mich. May 22, 2026) (Murphy, J.) (dismissing prisoner's harassment claim on screening because a prison official's abusive or threatening language does not state an Eighth Amendment violation).

## B. Missing Property

Brown claims that his personal property went missing while he was away from his cell. The negligent or intentional deprivation of a prisoner's property does not violate due process if adequate state remedies are available to redress the wrong. *See Hudson v. Palmer*, 468 U.S. 517, 533-36 (1984). To maintain a § 1983 claim arising out of the deprivation of property without procedural due process, a plaintiff must allege that state remedies for redressing the wrong are inadequate. *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983). Brown does not allege that Michigan's judicial remedies are inadequate or that it would be futile to present his claim in the Michigan state courts. *See Copeland v. Machulis*, 57 F.3d 476 (6th Cir. 1995) (holding that Michigan "provides several adequate post-deprivation remedies" for deprivation-of-property claims). Accordingly, this claim will also be dismissed.

### C. Failure to Investigate

Brown also alleges that Defendants Flaugher and Douglas violated his constitutional rights by denying his grievances and failing to investigate his complaints. This allegation fails to state a claim. Although a prisoner has a First Amendment right to file grievances, *see Herron v. Harrison*, 203 F.3d 410, 415 (6th Cir. 2000), the Constitution does not require prison officials to consider, respond to, or grant relief on grievances. *See Smith v. Arkansas State Highway Employees*, *Local 1315*, 441 U.S. 463, 464-65 (1979). Denying a grievance does not establish a defendant's personal involvement in the alleged unconstitutional conduct. *O'Brien v. Michigan Dep't of Corr.*, 592 F. App'x 338, 341 (6th Cir. 2014). Brown's claim that Defendants Flaugher and Douglas were aware of the other Defendants' actions but failed to intervene is therefore insufficient to state a claim.

### IV. CONCLUSION

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED WITHOUT PREJUDICE**.

**This is a final order that closes the above-captioned case.**

> */s/ Susan K. DeClercq*
> SUSAN K. DeCLERCQ
> United States District Judge

Dated: July 10, 2026

6